IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | Cr. No. C-94-199 (4) |
| | § | C.A. No. C-05-536 |
| ROLANDO MOLINA, | § | |
| | § | |
|    Defendant/Movant. | § | |

### ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED
### *IN FORMA PAUPERIS* AND COLLECTION ORDER

After filing a number of post-conviction motions including motions pursuant to 28 U.S.C. § 2255, Rolando Molina ("Molina" or "Appellant") filed a motion to vacate under 28 U.S.C. § 2255. The District Court dismissed the motion, noting that it was a second or successive § 2255 motion and that Molina had not sought permission from the Fifth Circuit to file it. Accordingly, the District Court did not have jurisdiction over it. (D.E. 642).[1] Final judgment was entered November 22, 2005. (D.E. 653). On December 22, 2005, Molina appealed from that Order, (D.E. 644), and that appeal remains pending.

On January 12, 2006, the Clerk received from Molina a letter motion asking that his appellate filing fee be waived. (D.E. 647). He explained that he paid the appellate filing fee as part of a separate appeal from a prior order, and that the issues in the two appeals were the same. Thus, he did not believe he should have to pay the appellate filing fee for his current appeal. In an order entered January 23, 2006, the District Court denied his motion, but instructed Molina that if he

---

[1] Docket entries references are to the criminal case, Cr. 94-199(4).

1

wished to proceed on appeal *in forma pauperis* ("*ifp*"), he should file a motion to proceed *ifp,* along with all required supporting documentation. The Clerk also mailed the appropriate forms to Molina.

On February 3, 2006, the Clerk received from Molina his completed application to proceed *in forma pauperis*, which is addressed herein. (D.E. 654). Appellant's *in forma pauperis* data sheet reflects that he does not have any assets or valuable property, other than his inmate account. He also reports income of $100.00 per month earned in prison employment. Although he has not provided a list of transactions in his prison account over the last six months, his application includes a certificate by an authorized officer of FCI Bastrop regarding his account balance. That certificate states that his current balance is $ .32, and that his average balance during the six months preceding his application was $600.00.

These figures demonstrate that although Molina cannot afford to prepay the $255 appellate filing fee, he can pay the fee in installments without undue hardship. While his appeal is not governed by the Prison Litigation Reform Act, there is no prohibition against collection of the appellate filing fee in installments where an inmate has the ability to pay in installments without undue hardship. Accordingly, the following orders are entered:

1. The Clerk shall file the Appellant's notice of appeal without prepayment of the appellate filing fee.

2. The Appellant is not required to pay an initial partial appellate filing fee.

3. The Appellant shall pay $255, the balance of the full appellate filing fee, in monthly installments to the United States District Court.

Case 2:94-cr-00199   Document 655   Filed in TXSD on 02/13/06   Page 3 of 3

4. The Bureau of Prisons shall deduct 20% of each deposit made to the Appellant's inmate trust account and forward payments to the United States District Court on a regular basis provided the account exceeds $10.00.

5. The Appellant shall execute all consents and other documents required by the agency having custody of the Appellant to authorize the necessary withdrawals from his trust account.

6. The Clerk shall send a copy of this Order to the Inmate Accounting Officer and Paralegal Specialist, FCI Bastrop, Post Office Box 730, Bastrop, Texas 78602.

## **NOTICE TO THE APPELLANT:**

If you do not wish to pay the appellate filing fee as set forth in this Order, you must notify the Court in writing, by letter or motion, that you do not wish to prosecute the appeal. Your notice must be mailed within 30 days of the date of this Order.

ORDERED this 13th day of February, 2006.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE